**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| (1) KARA JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 11-CV-055-CVE-TLW |
| vs. | ) | |
| | ) | |
| (1) TCIM SERVICES, INC., a Delaware corporation, and | ) ) | ATTORNEY LIEN CLAIMED JURY TRIAL DEMANDED |
| (2) AT&T SERVICES, INC., a Delaware corporation, | ) ) | |
| | ) | |
| Defendants. | ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff Kara Jackson ("Plaintiff") brings this action against Defendants TCIM Services, Inc. ("TCIM") and AT&T Services, Inc. ("AT&T", collectively, "Defendants") for violations of federal and state law arising out of the termination of her employment by Defendants.

**RELATED LITIGATION**

In addition to bringing the above-styled action, Plaintiff is also a member of the plaintiff class in the case styled *Ron Bacon, et. al. v. TCIM Services, Inc., et. al.*, United States District Court for the Northern District of Oklahoma Case No. 09-CV-777-CVE-FHM.

**JURISDICTION**

1. This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*. ("ADEA"), and the common law of the State of Oklahoma.

2. On February 16, 2010, Plaintiff filed a timely charge with the Oklahoma Human Rights Commission (OHRC) and the Equal Employment Opportunity Commission (EEOC). Plaintiff received a notice of suit rights on October 26, 2010, within the ninety-day period

immediately preceding the filing of her initial *Complaint* in this action on January 24, 2011. Plaintiff has complied fully with all prerequisites under Title VII and the ADEA.

3. Jurisdiction is proper pursuant to 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c)(1), and 28 U.S.C. §§ 1331, 1343, and 1367.

4. Equitable damages and equitable relief are sought pursuant to 42 U.S.C. § 2000e-5(g)(1) and 29 U.S.C. § 626(b).

5. Compensatory damages are sought pursuant to 42 U.S.C. § 1981a.

6. Liquidated damages are sought pursuant to 29 U.S.C. § 626(b).

7. Punitive damages are sought pursuant to 42 U.S.C. §§ 1981 and 1981a(b)(1) and OKLA. STAT. tit. 23 § 9.1.

8. Costs and attorney fees are sought pursuant to 42 U.S.C. § 2000e-5(k), 29 U.S.C. § 626(b), and OKLA. STAT. tit. 25 § 1506.8.

## **VENUE**

9. The unlawful employment practices complained of occurred within the Northern District of Oklahoma, and Defendants are companies conducting regular business in the Northern District of Oklahoma. Venue is therefore proper in the Northern District of Oklahoma pursuant to 28 U.S.C. § 1391(b).

## **PARTIES**

10. Plaintiff is a citizen of the United States of America and a resident of Tulsa, County, Oklahoma.

11. Having opposed an employment practice made unlawful by Title VII, Plaintiff is a member of a group of persons who are protected within the meaning of 42 U.S.C. § 2000e-

3(a). Additionally, having opposed an employment practice made unlawful by the ADEA, Plaintiff is a member of a group of person who are protected within the meaning of 29 U.S.C. § 623(d).

12. Plaintiff was an "employee" of Defendants as defined by 42 U.S.C. § 2000e(f) and 29 U.S.C. § 630(f).

13. Defendant TCIM is a foreign for profit business corporation which is engaged in an industry affecting commerce and employs more than 15 people. TCIM regularly conducts business in Tulsa County, Oklahoma.

14. TCIM is an "employer" as defined by 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b).

15. Defendant AT&T is a foreign for profit business corporation which is engaged in an industry affecting commerce and employs more than 15 people. AT&T regularly conducts business in Tulsa County, Oklahoma.

16. AT&T is an "employer" as defined by 42 U.S.C. § 2000e(b) and 29 U.S.C. § 630(b).

**FACTS**

17. Plaintiff is a former employee of TCIM's human resources department. She was employed by TCIM from approximately September 1, 2007, until her employment was terminated on April 23, 2009.

18. Plaintiff was a recruiter for TCIM. As part of her duties, she recruited potential employees for AT&T's VCO program and for other TCIM telemarketing programs. At all times

pertinent to the claims asserted in this litigation, TCIM acted at AT&T's direction with regard to hiring, firing, and employment practices.

19.  During her employment, Plaintiff was retaliated against for reporting and complaining about AT&T's and other managers' discriminatory actions toward TCIM employees.

20.  Plaintiff observed TCIM's discriminatory implementation of AT&T's policy that employees working on AT&T's account could not have a felony background. Plaintiff observed that TCIM enforced the policy against African-American employees who had felony backgrounds. These employees were terminated. However, TCIM allowed white employees with felony backgrounds to continue working on the AT&T account or gave them preferential treatment by transferring them to other accounts.

21.  Plaintiff observed discrimination in the hiring of employees over 40 years of age. Plaintiff observed that the managers over the AT&T VCO program did not want Plaintiff to hire employees over age 40. Potential employees who were over 40 years of age, or appeared to be over 40 years of age, were made to wait hours to interview with sales managers, even though the managers knew the candidates were waiting. The candidates over 40 years of age were routinely not offered positions with TCIM, even though they were qualified to perform the job. Plaintiff was told by TCIM and AT&T managers not to bring "old" people in for interviews. Plaintiff heard sales managers make disparaging comments about these candidates. The managers performing these discriminatory and unlawful acts included TCIM managers and AT&T employees who managed the VCO program at TCIM.

22. Plaintiff reported the age discrimination and race based discrimination to TCIM management in Tulsa and to TCIM's corporate human resources department and to AT&T managers. Specifically, the discrimination was reported to Christi Susi (HR Director at TCIM Headquarters), Marcy Payne (title unknown), Justin Horn (VP of Recruiting), and Eugene Gibson (Recruiting Manager) and David Brown (title unknown).

23. Neither TCIM nor AT&T took action to stop, correct or otherwise address the reported discrimination. Instead, TCIM and AT&T retaliated against Plaintiff for reporting and complaining about the unlawful discrimination.

24. TCIM retaliated against Plaintiff by moving her from an office into a room which was designated for clients to use when they visited the TCIM Tulsa location. When clients were in town, Plaintiff was given a cart for her computer and was forced to move all of her belongings out of the room into a cubicle. Plaintiff was unable to interview potential employees and perform other necessary duties of her job in these conditions. Plaintiff was eventually demoted and removed from the AT&T VCO recruiting position.

25. Plaintiff was also denied training opportunities and was unfairly disciplined in retaliation for reporting and complaining about the discrimination she witnessed.

26. Plaintiff was ultimately terminated on April 23, 2009, in retaliation for her reports and complaints about Defendants' unlawful and discriminatory employment practices.

27. At all times relevant hereto, Plaintiff was a member of a protected class in that she opposed unlawful discriminatory actions being taken by Defendants.

28. Plaintiff was terminated because she complained about and reported to TCIM management in Tulsa and at TCIM corporate human resources and to AT&T that AT&T and

TCIM's Tulsa management was engaging in what Plaintiff believed to be unlawful and discriminatory employment practices.

29. Defendants' conduct was willful and in knowing disregard of the law.

### COUNT I
### RETALIATION FOR OPPOSING AN UNLAWFUL EMPLOYMENT PRACTICE IN VIOLATION OF 42 U.S.C. § 2000e-3(a)

All paragraphs are incorporated by reference.

30. During her employment with Defendants, Plaintiff participated in an activity protected by Title VII of the Civil Rights Act of 1964, as amended.

31. Once Plaintiff voiced her opposition to Defendants' unlawful employment practices, the terms and conditions of Plaintiff's employment changed and thereafter differed from the terms and conditions of employment enjoyed those employees who had not opposed employment practices made unlawful by Title VII.

32. Plaintiff suffered an adverse employment action when her employment with Defendants was terminated.

33. There is a causal connection between Plaintiff's participation in the protected activity and the change in the terms and conditions of her employment.

34. There is a causal connection between Plaintiff's participation in the protected activity and the adverse employment action she suffered.

35. Defendants' acts were malicious, willful, reckless, and in gross disregard for Plaintiff's civil rights.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a) Back pay and lost benefits;

b)      Reinstatement or, in the alternative, front pay;

c)      Compensatory damages for mental anguish, pain, and suffering and other non-pecuniary losses;

d)      Punitive damages for the intentional and knowing acts of discrimination;

e)      Attorney fees and the costs and expenses of this action;

f)      Pre- and post-judgment interest; and

g)      Such other relief as the Court deems just and equitable and/or to which Plaintiff may be entitled.

## COUNT II
### RETALIATION FOR OPPOSING AN UNLAWFUL EMPLOYMENT PRACTICE IN VIOLATION OF 29 U.S.C. § 623(d)

All paragraphs are incorporated by reference.

36.     During her employment with Defendants, Plaintiff participated in an activity protected by the ADEA.

37.     Once Plaintiff voiced her opposition to Defendants' unlawful employment practices, the terms and conditions of Plaintiff's employment changed and thereafter differed from the terms and conditions of employment enjoyed those employees who had not opposed employment practices made unlawful by the ADEA.

38.     Plaintiff suffered an adverse employment action when her employment with Defendants was terminated.

39.     There is a causal connection between Plaintiff's participation in the protected activity and the change in the terms and conditions of her employment.

40. There is a causal connection between Plaintiff's participation in the protected activity and the adverse employment action she suffered.

41. Defendants' acts were malicious, willful, reckless, and in gross disregard for Plaintiff's civil rights.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a) Back pay and lost benefits;

b) Reinstatement or, in the alternative, front pay;

c) Liquidated damages for the intentional and knowing acts of discrimination;

d) Attorney fees and the costs and expenses of this action;

e) Pre- and post-judgment interest; and

f) Such other relief as the Court deems just and equitable and/or to which Plaintiff may be entitled.

## COUNT III
## WRONGFUL TERMINATION
## IN VIOLATION OF THE PUBLIC POLICY OF THE STATE OF OKLAHOMA

All paragraphs are incorporated by reference.

42. Plaintiff's opposition to Defendants' unlawful employment practices was a significant factor for Defendants' decision to terminate Plaintiff's employment.

43. Defendants' decision to terminate Plaintiff's employment on the basis of Plaintiff's opposition to Defendants' unlawful employment practices violates the public policy of the State of Oklahoma, as expressed in OKLA. STAT. tit. 25 § 1302(A) and *Collier v. Insignia Financial Group*, 981 P.2d 321, 325 (Okla. 1999), and gives rise to a cause of action sounding in tort.

44. Defendants' acts were intentional, malicious, willful, reckless, and in gross disregard for Plaintiff's civil rights.

WHEREFORE, Plaintiff prays for judgment against Defendants for:

a) Back pay and lost benefits;

b) Reinstatement or, in the alternative, front pay;

c) Compensatory damages for mental anguish, pain, and suffering and other non-pecuniary losses;

d) Punitive damages for the intentional and knowing acts of discrimination;

e) Attorney fees and the costs and expenses of this action;

f) Pre- and post-judgment interest; and

g) Such other relief as the Court deems just and equitable and/or to which Plaintiff may be entitled.

## JURY DEMAND

Plaintiff requests a jury trial for all issues raised by this *First Amended Complaint.*

**Respectfully submitted:**

**FELDMAN, FRANDEN, WOODARD & FARRIS**

**By: /s/ Christopher L. Camp**
**Joseph R. Farris, OBA #2835**
**Paula J. Quillin, OBA #7368**
**Christopher L. Camp, OBA #18541**
**Millicent L. Hughes, OBA #21228**
**900 Williams Center Tower II**
**2 West 2nd Street**
**Tulsa, Oklahoma  74103**
**Telephone: (918) 583-7129**
**Facsimile:  (918) 584-3814**

**Attorneys for Plaintiff Kara Jackson**

**CERTIFICATE OF SERVICE**

I hereby certify that on April 13, 2011, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants (names only are sufficient):

Leonard Court, Esq.

**/s/ Christopher L. Camp**
**Christopher L. Camp, OBA #18541**